UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THOUGHTWORKS, INC., a Delaware Corporation | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Case No.13-cv-2331 |
| INFOR, Inc., a Delaware Corporation | ) ) | |
| Defendant. | ) | |

# COMPLAINT

1. Plaintiff, ThoughtWorks, Inc., is a Delaware corporation with its principal place of business in Chicago, Illinois.

2. Defendant, Infor, Inc., is a Delaware corporation with its principal place of business in New York, New York.

3. Defendant is doing business throughout the United States including Illinois.

4. This Court has jurisdiction by virtue of the facts that this is a civil action under the Lanham Act (15 U.S.C. § 1051, *et seq.*), jurisdiction being conferred in accordance with 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a). This Court also has pendent jurisdiction over all related claims herein in accordance with 28 U.S.C. § 1338(b).

## COUNT I
### FEDERAL TRADEMARK INFRINGEMENT
### (15. U.S.C. § 1114)

5. ThoughtWorks re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1-4 of this Complaint.

6. ThoughtWorks is engaged in the business of computer software development and consulting.

7. ThoughtWorks owns a United States Trademark registration for its MINGLE mark, Registration Number 3,576,778, for use in connection with the following goods: computer programs for use in the software build process in the field of computer software development and user manuals and documentation distributed therewith; computer software development tools (the "MINGLE Mark").

8. Since 2008 ThoughtWorks has used its MINGLE Mark in connection with "software as a service" for its business clients.

9. This registration is valid and subsisting, and in accordance with Section 7(b) of the Lanham Act (15 U.S.C. § 1057(b)), is prima facie evidence of ThoughtWorks' ownership of the mark, the validity of the mark, and its exclusive right to use the mark in connection with the above identified goods.

10. Since long prior to the acts of Defendant, ThoughtWorks has sold many millions of dollars of its goods and services under the MINGLE Mark and has spent millions of dollars to advertise and promote that trademark.

11. As a result of its sales, advertising and use, the MINGLE Mark has come to represent a valuable goodwill owned by ThoughtWorks.

12. Defendant is also engaged in computer software development and consulting in competition with ThoughtWorks.

13. Recently Defendant began using the MINGLE Mark in connection with computer software programs for businesses and for software as a service for business applications.

14. Defendant's use of the MINGLE Mark is without ThoughtWorks' authorization or consent.

15. Defendant's use of the MINGLE Mark creates a likelihood of confusion, mistake or deception with the consuming public.

16. Defendant's use of the MINGLE Mark constitutes infringement of a registered trademark in violation of Section 32 of the Lanham Act (15 U.S.C. § 11141(1)).

17. Upon information and belief, Defendant's acts have been willful, intentional, or in reckless disregard of, ThoughtWorks' rights.

18. Defendant's acts are greatly and irreparably damaging to ThoughtWorks and will continue to damage ThoughtWorks until enjoined by this Court; wherefore, ThoughtWorks is without adequate remedy at law.

## COUNT II
## UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
## (15 U.S.C. § 1125(a))

19. ThoughtWorks re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1-16 of this Complaint.

20. Defendant's acts tend to falsely represent its products and services are affiliated, connected or associated with or sponsored or approved by, ThoughtWorks.

21. Defendant's conduct is likely to cause confusion as to the origin, sponsorship or approval of Defendant and its goods and services with those of ThoughtWorks

22. Defendant's aforesaid activities constitute unfair competition and false designation of origin in violation of Section 43(a) of the United States Trademark Act (15 U.S.C. § 1125(a)).

## COUNT III
## UNFAIR COMPETITION
### (Violation of Illinois Common Law)

23. ThoughtWorks re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1-20 of this Complaint.

24. Defendant's acts described above constitute unfair competition in violation of Illinois common law, as the aforementioned acts amount to an intentional misappropriation of ThoughtWorks' MINGLE Mark, reputation and commercial advantage.

25. Defendant's use of the MINGLE Mark and designations that are substantially identical to ThoughtWorks' MINGLE Mark in connection with the identical goods and services is likely to confuse and deceive the public by allowing Defendant to pass off its goods and services as being affiliated with, sanctioned by or authorized by ThoughtWorks.

26. Defendant has willfully and intentionally misappropriated and exploited the valuable intellectual property rights and goodwill of ThoughtWorks in its MINGLE Mark. As a result of its wrongful actions, Defendant will be unjustly enriched.

27. As a result of Defendant's aforesaid conduct, ThoughtWorks has suffered substantial damage and irreparable harm constituting an injury for which ThoughtWorks has no adequate remedy at law. Unless this Court enjoins Defendant's conduct, ThoughtWorks will continue to suffer irreparable harm.

## COUNT IV
## TRADEMARK INFRINGEMENT
### (Violation of Illinois Common Law)

28. ThoughtWorks re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1-25 of this Complaint.

29. In addition to constituting violations of 15 U.S.C. 1125(a), as alleged in COUNT II to this Complaint, Defendant's actions violate the common law of the State of Illinois.

30. As a result of Defendant's aforesaid conduct, ThoughtWorks has suffered substantial damage and irreparable harm constituting an injury for which ThoughtWorks has no adequate remedy at law. Unless this Court enjoins Defendant's conduct, ThoughtWorks will continue to suffer irreparable harm.

WHEREFORE, ThoughtWorks prays for relief, as follows:

An order preliminarily and permanently enjoining Defendant and its officers, directors, agents, servants, employees, affiliated, attorneys and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns, from:

a) directly or indirectly using the MINGLE Mark or any confusingly similar mark that infringes ThoughtWorks' MINGLE Mark or constitutes unfair competition against ThoughtWorks; and

b) from doing any other act or thing that is likely to cause confusion, mistake or deception among consumers or others as to the relationship of Defendant and its goods and services with ThoughtWorks and its goods and services;

c) Defendant be required to pay to ThoughtWorks in accordance with 15 U.S.C. § 1117(a), an award of the greater of treble the actual damages suffered by ThoughtWorks, or the wrongful profits enjoyed by Defendant, as a result of its aforesaid unfair competition, as well as an award of ThoughtWorks' costs and attorney's fees; and

d) ThoughtWorks have such other and further relief as this Court may deem equitable.

## JURY TRIAL DEMAND

Pursuant to Fed. R. Civ. P. 38(b), ThoughtWorks demands a trial by jury of all issues triable of right by a jury.

PARTRIDGE IP LAW, P.C.

s/Colin T.J. O'Brien_____
Mark V.B. Partridge (mark@partridgeiplaw.com)
John L. Ambrogi (jla@partridgeiplaw.com)
Colin T.J. O'Brien (colin@partridgeiplaw.com)
Jordan A. Arnot (jarnot@partridgeiplaw.com)
Elliot C. Bankendorf (ecb@partridgeiplaw.com)
161 North Clark Street, Suite 4700
Chicago, Illinois 60601
(312) 634-9500 Telephone
(312) 275-7503 Facsimile

***Attorneys for the Plaintiff***
ThoughtWorks, Inc.